# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# DETROIT DIVISION

| | |
|---|---|
| ALLEN K. SMITH, <br><br> Plaintiff, <br><br> v. <br><br> THE CREDIT PROS INTERNATIONAL, LLC, <br><br> Defendant. | CIVIL ACTION <br><br> COMPLAINT 2:23-cv-11582 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** ALLEN K. SMITH ("Plaintiff"), by and through the undersigned attorney, complaining of the Defendant, THE CREDIT PROS INTERNATIONAL, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Credit Repair Organizations Act ("CROA"), pursuant to 15 U.S.C. § 1679 *et seq.*, and the Michigan Credit Services Protection Act ("MCSPA"), pursuant to M.C.L. § 455.1821 *et seq.*

### JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction pursuant to the CROA and 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367(a).

1

4. Venue in this district is proper under 28 U.S.C. §§ 1391 because Plaintiff resides in the Eastern District of Michigan and a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

## PARTIES

5. Plaintiff is a consumer over 60 years-of-age residing in Detroit, Michigan.

6. Defendant is a credit repair organization that claims to help consumers "repair their credit by updating inaccurate items." Defendant is a corporation organized under the laws of the state of Florida with its principal place of business located at 47750 Okeechobee Blvd., Ste. 4-765 West Palm Beach, Florida 3341. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. In early 2023, Plaintiff was interested in improving his creditworthiness with hopes of financing a car for his daughter.

8. Shortly thereafter, Plaintiff happened upon Defendant due to its representations that it could help individual consumers improve their creditworthiness by removing negative marks on their credit reports. Defendant promised Plaintiff that it would remove all negative marks and increase his creditworthiness.

9. Specifically, Defendant promised Plaintiff it would resolve a debt Plaintiff has with Xfinity among the other incorrect marks on Plaintiff's credit reports.

10. In March 2023, after discussing specific plans to remove negative accounts, including the Xfinity account, Plaintiff entered into a contract with Defendant for the provision of credit repair services.

11. In accordance with the terms of the agreement, Plaintiff paid Defendant $190 per month in exchange for Defendant's promise of reviewing Plaintiff's credit, removing negative or misleading accounts and improving his credit score, all of which Plaintiff detrimentally relied on.

12. Before any work occurred, Plaintiff paid Defendant the first payment of $190 and Plaintiff proceeded to make his monthly payments to Defendant on a consistent and timely basis.

13. Throughout their dealings, Plaintiff's credit score continued to decrease, and Plaintiff heard no information or update on any action taken by the Defendant to fulfill their promise of improving Plaintiff's creditworthiness.

14. In June 2023, dissatisfied with the sums of money paid for deficient credit services and false promises, Plaintiff contacted Defendant to cancel his contract with Defendant. In the call, Defendant's representative informed Plaintiff that a supervisor would call back Plaintiff to cancel as representatives are not authorized to do so.

15. Plaintiff never received a call back from any of Defendant's representatives or supervisors.

16. On June 6, 2023, Plaintiff contacted Defendant, again, and was able to cancel his contract with Defendant. In total, Plaintiff paid a total of $760 to Defendant for promises Defendant failed to fulfill.

17. Despite making timely monthly payments, Plaintiff saw no overall improvement of his credit score nor was his Xfinity account resolved as represented by Defendant.

18. Frustrated, distressed, and concerned over Defendant's conduct, Plaintiff felt that he had added a further burden to himself and decided to speak with the undersigned counsel regarding his rights.

19. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary loss stemming from the payments made to Defendant for deficient credit repair services, as well as numerous violations of his state and federally protected interests to be free from deceptive and misleading conduct on the part of purported credit repair organizations.

### COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

22. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

    a. **Violations of CROA § 1679b(a)**

23. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

24. Defendant violated the above referenced provisions of the CROA through its misrepresentations and deception as to the nature of the credit repair services it could provide Plaintiff. In order to get Plaintiff to agree to utilize Defendant's services, Defendant represented that its services would remove all negative accounts from Plaintiff's credit reports, however, Defendant completely failed to follow through on these promises or the services it represented it would perform for Plaintiff.

25. Defendant further acted deceptively when it suggested to Plaintiff that his monthly payments were being used to remove identified accounts within Plaintiff's credit report, including Plaintiff's Xfinity account.

      b. **Violations of CROA § 1679b(b)**

26. The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

27. Defendant violated § 1679b(b) through its charging and receiving of money for services agreed to perform before such services are fully performed. Despite Plaintiff paying Defendant for its services, Defendant completely failed to perform the services it represented it would perform while simultaneously retaining Plaintiff's payments for fees.

      c. **Violations of CROA § 1679c**

28. The CROA, pursuant to 15 U.S.C. § 1679c, outlines various disclosures that CROs must provide to consumers prior to entering into contracts with consumers.

29. Defendant violated § 1679c through its complete failure to provide Plaintiff a copy of the required disclosures.

30. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff ALLEN K. SMITH, respectfully requests that the Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages to be determined at hearing, as provided under 15 U.S.C. § 1679g(a)(1);

c. Awarding Plaintiff punitive damages as provided under 15 U.S.C. § 1679g(a)(2)(A);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

e. Awarding any other relief as the Court deems just and appropriate.

<u>COUNT II - VIOLATIONS OF THE MICHIGAN CREDIT SERVICES PROTECTION ACT</u>

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "buyer" as defined by M.C.L. § 445.1822(a).

33. Defendant is a "credit service organization" as defined by M.C.L. § 445.1822(b).

**a. Violation of MCSPA § 445.1823**

34. The MCSPA, pursuant to M.C.L. § 445.1823, provides a list of prohibited conduct for credit services organizations.

35. Pursuant to M.C.L. § 445.1823(b), a credit service organization shall not "[c]harge a buyer or receive from a buyer of services money or other valuable consideration before

completing performance of all services the credit services organization has agreed to perform for the buyer."

36. Defendant violated M.C.L. § 445.1823(b) through its charging of Plaintiff prior to full and complete performance of its services without reimbursing Plaintiff for its incomplete services.

37. Pursuant to M.C.L. § 445.1823(d), a credit service organization cannot "[m]ake or use any false or misleading representations in the offer or sale of the services of a credit services organization."

38. Defendant violated M.C.L. § 445.1823(d), by promising Plaintiff that by enrolling his debts into its credit repair program, Plaintiff will see negative accounts, including Plaintiff's Xfinity account, removed from his credit report, thus improving his credit score and overall creditworthiness.

39. Pursuant to M.C.L. § 445.1823(e), a credit services organization cannot "engage, directly or indirectly, in a fraudulent or deceptive act, practice, or course of business in connection with the offer or sale of the services of a credit services organization . . . ."

40. Defendant violated M.C.L. § 445.1823(e) through its deceptive acts and practices of promising Plaintiff that it would improve his credit score and remove his student his negative marks on his consumer credit reports. The deception of promising it clients something it knows it cannot fulfill goes against the MCSPA.

41. Pursuant to M.C.L. § 445.1823(f), a credit services organization cannot "fail to perform the agreed upon services within 90 days following the date the buyer sings the contract for services."

42. Defendant violated § 445.1823(f) when it failed to perform the services within 90 days of the parties' agreement.

**WHEREFORE**, Plaintiff ALLEN K. SMITH, respectfully requests that the Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Award Plaintiff actual damages pursuant to M.C.L. § 445.1824(1).

c. Award Plaintiff punitive damages pursuant to M.C.L. § 445.1824(1)

d. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to M.C.L. § 445.1824(1); and

e. Awarding any other relief as this Court deems just and appropriate.

Dated: June 30, 2023　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Marwan R. Daher*
　　　　　　　　　　　　　　　　　　　　　　　　Marwan R. Daher, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　Sulaiman Law Group, Ltd.
　　　　　　　　　　　　　　　　　　　　　　　　2500 S Highland Ave, Suite 200
　　　　　　　　　　　　　　　　　　　　　　　　Lombard, IL 60148
　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (630) 575-8181
　　　　　　　　　　　　　　　　　　　　　　　　Fax: (630) 575-8188
　　　　　　　　　　　　　　　　　　　　　　　　mdaher@sulaimanlaw.com
　　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*