# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

ALLEN K. SMITH,

                Plaintiff,                Case No. 2:23-cv-11582-LVP-APP

vs.                                          Hon. Linda V. Parker

CREDIT PROS INTERNATIONAL, LLC,

                Defendant.

---

## CREDIT PROS INTERNATIONAL, LLC'S
## <u>MOTION FOR PARTIAL DISMISSAL OF COMPLAINT</u>[1]

Credit Pros International, LLC ("Credit Pros"), by and though its undersigned counsel, files this Motion for Partial Dismissal of the Complaint ("Motion") pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6). As more fully set forth in the accompanying

---

[1] Pursuant to Fed. R. Civ. P. 12(a)(4), Credit Pros has not yet responded to Count I(b)-(c) of the Complaint. *See, e.g., Vendetti v. Compass Env.'l, Inc.*, No. 06 CV 3556, 2006 WL 8199711, at *3 (N.D. Ill. Oct. 25, 2006) ("a defendant's filing of a partial motion to dismiss automatically extends its time to answer the unchallenged counts, as if it had moved to dismiss all counts"); *Aslani v. Sparrow Health Systems*, No. 1:08-cv-298, 2009 WL 736654, at *4 (W.D. Mich. March 12, 2009) ("Almost every court to consider this latter issue has concluded that '[p]ursuant to Rule 12(a)(4) of the Rules of Civil Procedure, once a motion to dismiss under Rule 12(b)(6) is filed a defendant need not file its answer until 10 days following the denial of the motion to dismiss.") (internal quotation and citation omitted); *Dunbar v. Prelesnik,* No. 16-1374, 2016 WL 11618615 (6th Cir. 2016) ("filing a motion to dismiss tolls the deadline for a defendant to file an answer to a complaint by operation of Rule 12(a)(4)(A)"); *Jones v. Wolf*, No. 14-12107, 2020 WL 7493105, at *3-4 (E.D. Mich. Dec. 21, 2020) (because "the court did not deny Defendant's motion to dismiss…Defendant's obligations under Rule 12(a)(4) were never triggered")

1

Memorandum of Points and Authorities, the Court should dismiss the fraud-based claims set forth in the Complaint (Dkt. No. 1)—specifically, those claims predicated upon a violation of the Credit Repair Organizations Act, § 1679b(a)(3)-(4) (Count I(a)) and the Michigan Credit Services Protection Act, M.C.L. § 455.1823(d)-(e) (Count II(a))—for failure to plead allegations of fraud with particularity as required by Fed. R. Civ. P. 9(b).

Defendant's counsel has complied with E.D. Mich. L.R. 7.1(a)(2)(A), and concurrence in the relief requested by this motion has not been obtained. Specifically, Defendant's counsel made contact with Marwan Daher on August 23, 2023, and concurrence was requested but was not obtained.

WHEREFORE, for the reasons set forth herein and in the accompanying Memorandum of Points and Authorities, Credit Pros respectfully requests that this Court dismiss the Complaint's claims and allegations predicated upon fraud for lack of particularity.

Respectfully submitted,

Dated: August 23, 2023    By:    /s/ Mark G. Cooper
**Taft Stettinius & Hollister LLP**
Mark G. Cooper (P52657)
James W. Rose (P66473)
27777 Franklin Rd, Suite 2500
Southfield, Michigan 48034
Telephone: (248) 727-1462
E-mail: mcooper@taftlaw.com

-and-

Lawren A. Zann, Esq.
(*Pro Hac Vice Admission* anticipated)
200 E. Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 333-4345
E-mail: lawren.zann@gmlaw.com

*Attorneys for Credit Pros International LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ALLEN K. SMITH,

              Plaintiff,              Case No. 2:23-cv-11582-LVP-APP

vs.                              Hon. Linda V. Parker

CREDIT PROS INTERNATIONAL, LLC,

              Defendant.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PARTIAL DISMISSAL OF COMPLAINT**

## **TABLE OF CONTENTS**

ISSUES PRESENTED ........................................................................................... ii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................. iii

INDEX OF AUTHORITIES ................................................................................. iv

I.     INTRODUCTION ....................................................................................... 1

II.    STATEMENT OF FACTS .......................................................................... 1

III.   LEGAL STANDARDS ............................................................................... 3

IV.    ARGUMENT ............................................................................................... 5

V.     CONCLUSION ............................................................................................ 8

## **ISSUES PRESENTED**

Whether the Complaint pleads its allegations of fraud with particularity as required by Fed. R. Civ. P. 9(b).

iii

# **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Fed. R. Civ. P. 9(b)

*Slack v. Fair Isaac Corp.*, 390 F. Supp. 2d 906 (N.D. Cal. 2005)

*Browning v. Yahoo! Inc.!*, No. C04-01463HRL, 2004 WL 2496183 (N.D. Cal. Nov. 4, 2004)

*Millett v. Equifax Info. Services, LLC*, No. 1:05-CV-2122-BBM, 2006 WL 8432555 (N.D. Ga. Mar. 27, 2006)

*Sancho v. Davidson*, No. 3:05-CV-883 (RNC), 2006 WL 8448126 (D. Conn. Mar. 2, 2006)

128729057v1

# INDEX OF AUTHORITIES

Page(s)

**Cases**

*Brege v. Lakes Shipping Co., Inc.*,
   225 F.R.D. 546 (E.D. Mich. 2004) ................................................................. 3, 4

*Browning v. Yahoo! Inc.
   !*, No. C04-01463HRL, 2004 WL 2496183 (N.D. Cal. Nov. 4,
   2004) ................................................................................................................ iii, 5

*Ind. State Dist. Council of Laborers and Hod Carriers Pension and
   Welfare Fund v. Omnicare, Inc.*,
   585 F.3d 935 ........................................................................................................ 4

*Jackson v. Telegraph Chrysler Jeep, Inc.*,
   No. 07-10489, 2009 WL 928224 (E.D. Mich. Mar. 31, 2009) ............................ 6

*Millett v. Equifax Info. Servicaes, LLC*,
   No. 1:05-CV-2122-BBM, 2006 WL 8432555 (N.D. Ga. Mar. 27,
   2006) ................................................................................................................ iii, 5

*Sancho v. Davidson*,
   No. 3:05-CV-883 (RNC), 2006 WL 8448126 (D. Conn. Mar. 2,
   2006) ........................................................................................................... iii, 5, 8

*Slack v. Fair Isaac Corp.*,
   390 F. Supp. 2d 906 (N.D. Cal. 2005) ....................................................... iii, 5, 6

**Statutes**

15 U.S.C. § 1679b(a)(3) ............................................................................................ 5

15 U.S.C. § 1679b(a)(3)-(4) ................................................................................. 1, 5

15 U.S.C. § 1679b(a)(4) ............................................................................................ 5

15 U.S.C. § 1679b(b) ................................................................................................ 1

15 U.S.C. § 1679c ..................................................................................................... 1

M.C.L. § 445.1823(b) ................................................................................................2

M.C.L. § 445.1823(d) ............................................................................................3, 5

M.C.L. § 445.1823(d)-(e) ......................................................................................1, 5

M.C.L. § 445.1823(e) ............................................................................................3, 5

M.C.L. § 445.1823(f) ................................................................................................2

Michigan Credit Services Protection Act, M.C.L. § 455.1821 *et seq.* .......................1

**Other Authorities**

Fed. R. Civ. P. 9(b) ............................................................................................*passim*

Fed. R. Civ. P. 12(b)(6) .............................................................................................3

128729057v1

I.  **INTRODUCTION**

Plaintiff seeks to assert claims against Credit Pros that sound in fraud under the Credit Repair Organization Act, 15 U.S.C. § 1679 *et seq.* ("CROA") and the Michigan Credit Services Protection Act, M.C.L. § 455.1821 *et seq.* ("MCSPA"). But to do so, as set forth in the Federal Rules of Civil Procedure, Plaintiff must allege such claims with particularity. Plaintiff fails to allege his fraud-based claims with particularity. As a result, the fraud-based claims asserted in the Complaint should be dismissed.

II. **STATEMENT OF FACTS**

Plaintiff filed his Complaint against Credit Pros on June 30, 2023—approximately three (3) months after entering into a Retainer and Service Agreement (the "Agreement") with Credit Pros. *See* Compl., ¶ 10. Curiously, the Complaint does not assert any claim pursuant to the Agreement. Nor does the Complaint cite to any provisions, promises, representations, or undertakings set forth in the Agreement in furtherance of Plaintiff's claims. Instead, Plaintiff seeks to assert claims pursuant to 15 U.S.C. § 1679b(a)(3)-(4) (Count I(a))[2] and M.C.L. § 445.1823(d)-(e) (Count

---

[2] Count I purports to assert additional disparate CROA violations against Credit Pros predicated entirely on technical violations of CROA. *See* Count I(b) (predicated on 15 U.S.C. § 1679b(b)) and Count I(c) (predicated on 15 U.S.C. § 1679c). These additional alleged CROA violations are not at issue in this Motion.

1

II),[3] *see* Compl., ¶¶ 37-40, based on supposed "promise(s)" and "representations" of unknown Credit Pros representatives, allegedly uttered at unknown times, and entirely devoid of context. *Id.*, ¶¶ 8, 9, 11, 24, 38, and 40. Plaintiff alleges he "detrimentally relied on" on these purported general "promise(s)" and "representations," which are alleged, in full, as follows:

> 8. Shortly thereafter, Plaintiff happened upon Defendant due to its representations that it could help individual consumers improve their creditworthiness by removing negative marks on their credit reports. Defendant promised Plaintiff that it would remove all negative marks and increase his creditworthiness.
>
> 9. Specifically, Defendant promised Plaintiff it would resolve a debt Plaintiff has with Xfinity among the other incorrect marks on Plaintiff's credit reports.
>
> \*   \*   \*
>
> 11. In accordance with the terms of the agreement, Plaintiff paid Defendant $190 per month in exchange for Defendant's promise of reviewing Plaintiff's credit, removing negative or misleading accounts and improving his credit score, all of which Plaintiff determinately relied on.
>
> \*   \*   \*
>
> 24. Defendant violated the above referenced provisions of the CROA through its misrepresentations and deception as to the nature of the credit repair services it could provide Plaintiff. In order to get Plaintiff to agree to utilize Defendant's services, Defendant represented that its services would remove all negative accounts from Plaintiff's credit report, however, Defendant completely failed to follow through on these promises or the services it represented it would perform for Plaintiff.

---

[3] Count II purports to assert additional disparate MCSPA violations against Credit Pros predicated entirely on technical violations of MCSPA. *See* Count II(a), ¶¶ 35-36 (predicated on M.C.L. § 445.1823(b)) and 41-42 (predicated on M.C.L. § 445.1823(f)). These additional alleged MCSPA violations are not at issue in this Motion.

> \* \* \*
>
> 38. Defendant violated M.C.L. § 445.1823(d), by promising Plaintiff that by enrolling his debts into its credit repair program, Plaintiff will see negative accounts, including Plaintiff's Xfinity account, removed from his credit report, thus improving his credit score and overall creditworthiness.
>
> \* \* \*
>
> 40. Defendant violated M.C.L. § 445.1823(e) through its deceptive acts and practices of promising Plaintiff that it would improve his credit score and remove his student his negative marks on his consumer credit reports. The deception of promising it clients something it knows it cannot fulfill goes against the MCSPA.

*Id.* There are no pertinent allegations elaborating or otherwise providing specificity to those reflected above.

### III. LEGAL STANDARDS

Fed. R. Civ. P. 12(b)(6) permits a defendant "to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Brege v. Lakes Shipping Co., Inc.*, 225 F.R.D. 546, 548 (E.D. Mich. 2004) (quoting *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)). In deciding such a motion, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Id.* (quoting *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996)). "[W]hile liberal, this standard of review does require more than the bare assertion of legal

3

conclusions." *Id.* (quoting *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

Fed. R. Civ. P. 9(b) provides, in pertinent part, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *Id.* This is so because "[t]he purpose of Rule 9(b) is to provide fair notice to the defendant so as to allow him to prepare an informed pleading responsive to the specific allegations of fraud." *Id.* at 549. To satisfy Rule 9(b)'s particularity requirement, a party must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Ind. State Dist. Council of Laborers and Hod Carriers Pension and Welfare Fund v. Omnicare, Inc.*, 585 F.3d 935, 942-43 (quoting *Frank v. Dana*, 547 F.3d 564, 570 (6th Cir. 2008)); *see also Brege*, 225 F.R.D. at 549 (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993)) (Rule 9(b) requires a party to "allege the time, place, and content of the alleged misrepresentation on which he or she relied, the fraudulent scheme; the fraudulent intent of the [other party]; and the injury resulting from the fraud"). These principles equally apply where an allegation in a pleading contains "an averment of fraud," whether as part of "a fraud claim or an element of a non-fraud claim." *Brege*, 225 F.R.D. at 549; *see also Ind. State Dist. Council of Laborers*, 583 F. 3d at 942

4

("the pleading strictures of Federal Rule of Civil Procedure 9(b) apply" to "claims sound[ing] in fraud").

## IV.   ARGUMENT

Plaintiff's fraud-based claims are predicated on 15 U.S.C. § 1679b(a)(3)-(4) and M.C.L. § 445.1823(d)-(e), which state, respectively:

> No person may make or use any untrue or misleading representation of the services of the credit repair organization. (15 U.S.C. § 1679b(a)(3)).

> No person may engage, directly or indirectly, in any act, practice or course of business that constitutes or results int eh commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization. (15 U.S.C. § 1679b(a)(4)).

> A credit services organization, a salesperson, agent, or representative of a credit services organization, or an independent contractor who sells or attempts to sell the services of a credit services organization shall not make or use a false or misleading representation in the offer or sale of the services of a credit services organization. (M.C.L. § 445.1823(d)).

> A credit services organization, a salesperson, agent, or representative of a credit services organization, or an independent contractor who sells or attempts to sell the services of a credit services organization shall not engage, directly or indirectly, in a fraudulent or deceptive act, practice, or course of business in connection with the offer or sale of the services of a credit services organization…. (M.C.L. § 445.1823(e)).

"[I]t cannot be seriously disputed that [the fraud-based CROA statutory sections relied upon by Plaintiff in seeking to assert his claims] fall within the scope of Rule 9(b)." *Slack v. Fair Isaac Corp.*, 390 F. Supp. 2d 906, 911 (N.D. Cal. 2005); *id.* at 913; *see also Browning v. Yahoo! Inc.!*, No. C04-01463HRL, 2004 WL

2496183 (N.D. Cal. Nov. 4, 2004); *Millett v. Equifax Info. Servicaes, LLC*, No. 1:05-CV-2122-BBM, 2006 WL 8432555 (N.D. Ga. March 27, 2006); *Sancho v. Davidson*, No. 3:05-CV-883 (RNC), 2006 WL 8448126 (D. Conn. Mar. 2, 2006). This is so where, as here, such fraud-based CROA claims "rely almost exclusively on defendant['s] allegedly 'misleading and deceptive conduct[, which] conduct 'sounds in fraud' even if it would not necessarily give rise to a cause of action for deceit at common law." *Slack*, 390 F. Supp. 2d at 911-912. And because the fraud-based MCSPA claims Plaintiff seeks to assert against Credit Pros substantially track the language contained in the fraud-based CROA claims Plaintiff seeks to assert against Credit Pros, such fraud-based MCSPA claims must also fall within the scope of Rule 9(b). *See Jackson v. Telegraph Chrysler Jeep, Inc.*, No. 07-10489, 2009 WL 928224, at * 4 (E.D. Mich. Mar. 31, 2009) ("In Michigan, a violation of the MCPA is analogous to a common law fraud claim").

Here, the Complaint's limited and conclusory allegations reveal Plaintiff seeks to rely upon supposed "misrepresentations and deception as to the nature of the credit repair services [Credit Pros] could provide Plaintiff" as well as Credit Pros' purported "represent[ation] that its services would remove all negative accounts from Plaintiff's credit reports" in asserting his fraud-based CROA and MCSPA claims. Compl., ¶ 24; *see also id.*, ¶¶ 8, 9, 11, 38, and 40. But Plaintiff's reliance is misplaced as his Complaint noticeably fails to allege the "circumstances constituting

6

fraud" with any particularity as required by Rule 9(b). Indeed, the Complaint fails to allege, *inter alia*:

- the identity of the speaker, including said speaker's relationship to Credit Pros, *see* Compl., ¶¶ 8 ("…its representations….Defendant promised Plaintiff…"), 9 ("Defendant promised Plaintiff…"), 11 ("…Defendant's promise…"), 24 ("…its misrepresentations and deception….Defendant represented…");

- when the statements were made, *see* Compl., ¶¶ 7 ("In early 2023…"), 8 ("Shortly thereafter…");

- where the statements were made, *see* Compl., ¶ 8 ("Plaintiff happened upon Defendant…");

- how the statements were made, *see* Compl., ¶¶ 8 ("…its representations….Defendant promised Plaintiff…"), 9 ("Defendant promised Plaintiff…"), 11 ("…Defendant's promise…"), 24 ("…its misrepresentations and deception….Defendant represented…");

- how the statements were false, *see* Compl., ¶ 14 ("…dissatisfied with the sums of money paid for deficient credit services and false promises…");

- the intent of the speaker when making the statements, *see, generally,* Compl.; and

- the complete content and context of the statements, *see,* Compl, ¶¶ 8 ("…representations that it could help individual consumer improve their creditworthiness by removing negate marks on their credit reports. Defendant promised Plaintiff that it would remove all negative marks and increase his creditworthiness."), 9 ("Defendant promised Plaintiff it would resolve a debt Plaintiff has with Xfinity among the other incorrect marks on Plaintiff's credit reports."), 11 ("…Defendant's promise of reviewing Plaintiff's credit, removing negative or misleading accounts and improving his credit score…"), 24 ("…misrepresentations and deception as to the nature of the credit repair services it could provide….represented that its services

128729057v1

would remove all negative accounts from Plaintiff's credit reports…").

These are vital and necessary allegations that Plaintiff must assert as required by Rule 9's heightened pleading standard that serves "to safeguard a defendant's reputation from improvident charges of wrongdoing, and to protect a defendant against the institution of a strike suit." *Sancho*, 2006 WL 8448126, at *1 (quoting *O'Brien v. Nat'l Prop. Analysts Partners*, 936 F.2d 674, 767 (2d Cir. 1991)).

At its crux, the Complaint simply alleges someone(s) made some representation(s) at some time(s) from some location(s) in some medium(s) that Credit Pros could somehow "remove all negative marks and increase [Plaintiff's] creditworthiness" but Credit Pros "completely failed to follow through on these promises or the services it represented it would perform for Plaintiff." Compl., ¶¶ 8 & 24. This hardly suffices to meet Rule 9(b)'s heightened pleading standard. Not even close. As a result, Plaintiff's fraud-based CROA and MCSPA claims must be dismissed.

### V.  CONCLUSION

Plaintiff's fraud-based CROA and MCSPA claims (Count I(a) and Count II(a), ¶¶37-40) dutifully recite the respective statutory language at issue, but noticeably fail to allege any circumstances of fraud with particularity as required by Rule 9(b). As a result, such claims must be dismissed.

                                                      Respectfully submitted,

Dated: August 23, 2023        By:   */s/ Mark G. Cooper*
                                                      **Taft Stettinius & Hollister LLP**
                                                      Mark G. Cooper (P52657)
                                                      James W. Rose (P66473)
                                                      27777 Franklin Rd, Suite 2500
                                                      Southfield, Michigan 48034
                                                      Telephone: (248) 727-1462
                                                      E-mail: mcooper@taftlaw.com

                                                      -and-

                                                      Lawren A. Zann, Esq.
                                                      (*Pro Hac Vice Admission* anticipated)
                                                      200 E. Broward Blvd., Suite 1800
                                                      Fort Lauderdale, Florida 33301
                                                      Telephone: (954) 333-4345
                                                      E-mail: lawren.zann@gmlaw.com

                                                      *Attorneys for Credit Pros International LLC*