## UNITED STATES DISTRICT COURT
## FOR THE EASTER DISTRICT OF MICHIGAN
## DETROIT DIVISION

ALLEN K. SMITH,

      Plaintiff,

v.

THE CREDIT PROS
INTERNATIONAL, LLC,

      Defendant.

Case No. 2:23-CV-11582-LVP-APP

Honorable District Judge
Linda V. Parker

Honorable Magistrate Judge
Anthony P. Patti

## PLAINTIFF'S RESPONSE MEMORANDUM IN OPPOSITION TO DEFENDANT THE CREDIT PROS INTERNTIONAL, LLC'S PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

**NOW COMES** ALLEN K. SMITH ("Plaintiff"), by and through the undersigned counsel, submitting his Response Memorandum in Opposition to THE CREDIT PROS INTERNATIONAL, LLC'S ("Defendant") Partial Motion to Dismiss Plaintiff's First Amended Complaint ("Defendant's Motion"), and in support thereof, states as follows:

## I.    INTRODUCTION

Defendant's Motion, brought pursuant to Fed. R. Civ. P. 12(b)(6), seeks dismissal of a subset of Plaintiff's claims under the Credit Repair Organizations Act ("CROA") and the Michigan Credit Services Protection Act ("MCSPA").

Defendant's Motion attacks Plaintiff's claims under 15 U.S.C. §§ 1679b(a)(3)-(4) (Count I(a)) and M.C.L. § 455.1821, as contained in his First Amended Complaint ("FAC") [Dkt. 14], on the grounds that the allegations fail to satisfy the heightened pleading standard under Fed. R. Civ. P. 9(b). Defendant's position is fundamentally flawed.

In articulating the applicability of Fed. R. Civ. P. 9(b) to the claims at issue, Defendant relies exclusively on authority from outside the Sixth Circuit. Despite this, Circuit Courts around the Country routinely apply the less stringent Fed. R. Civ. P. 8(a) standard when assessing statutory claims involving misleading representations and deceptive conduct, and the same result is warranted here.

Additionally, although Defendant's Motion treats all of Claimant's claims the same, its own authority illustrates the unwarranted nature of this assumption. Defendant's proffered authority illustrates the significant differences between claims under § 1679b(a)(3) and § 169b(a)(4). Such differences support the conclusion that, while Rule 9(b) *may* apply to claims under § 1679b(a)(4), the less stringent 8(a) standard applies to claims under § 1679b(a)(3). As discussed further below, if the Court is inclined the apply Rule 9(b) to any of Plaintiff's claims, it should only do so as to Plaintiff's claims under 15 U.S.C. § 1679d(b)(4) and M.C.L. § 455.1821.

Regardless of the pleading standard applied, Plaintiff's claims satisfy the

burden. Plaintiff's allegations provide the who, what, how, why, when and where surrounding Defendant's alleged deceptive and misleading conduct such that Defendant, has more than sufficiently been put on notice, and can respond to the specific allegations it faces. Defendant's conclusory and unsupported arguments to the contrary represent not only Defendant's willful ignorance of the allegations in Plaintiff's FAC, but a general misconstruction of Fed. R. Civ. P. 9(b).

Therefore, because Plaintiff has satisfied his pleading burden under any standard, Defendant's Motion should be denied in its entirety.

## II.  <u>LEGAL STANDARD</u>

### a.  12(b)(6) Standard

In the Sixth Circuit, a motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Nuchols v. Berrong*, 141 Fed. Appx. 451, 453 (6th Cir. 2005). To survive a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual material, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). However, plaintiffs are not required to "plead the elements of a cause of action along with facts supporting each element." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510,517 (7th Cir. 2015). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis."

*Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555. "Under Rule 12(b)(6) 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" ). *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

### b.  The CROA

The CROA is a broad, remedial statute, the passage of which expresses congressional intent "for courts to broadly construe its provisions in accordance with its remedial purpose," including favorably construing the statute "liberally in favor of consumers." *Stout v. FreeScore, LLC,* 743 F.3d 680, 684 (9th Cir. 2014); *Day v. Persels & Assocs., LLC,* 2015 U.S. Dist. LEXIS 11447, at *46 (M.D. Fla. Jan. 30, 2015). The express purpose of the CROA is twofold: "to ensure that prospective buyers or the services of the credit repair organizations are provided with the information necessary to make an informed decision regarding the purchase of such services; and to protect the public from unfair or deceptive advertising and business practices by credit repair organizations." 15 U.S.C. §§ 1679(b)(1)-(2).

The CROA is similarly "a strict liability statute; if a defendant is within the purview of the CROA and fails to comply with its requirements, the defendant is

4

liable without any showing of negligence, willfulness, or other intent." *Hillis v. Equifax Consumer Servs.,* 237 F.R.D. 491, 506 (N.D. Ga. 2006).

## III.  **LEGAL ARGUMENT**

### A. Fed. R. Civ. P. 8(a), Rather than 9(b), Governs Plaintiff's Claims Stemming from Defendant's Misleading and Deceptive Conduct

Defendant's Motion is premised entirely on the assumption that Rule 9(b), as opposed to 8(a), applies to Plaintiff's claims addressing Defendant's misleading and deceptive conduct. However, no court in the Sixth Circuit has addressed this question in the context of CROA.[1] The Court should follow the majority approach taken by courts in other Circuits.

Defendant's position is supported most directly by *Slack v. Fair Isaac Corp.,* 390 F. Supp. 2d 906 (N.D. Cal. 2005). In *Slack,* the court relied on the Ninth Circuit *Vess* opinion which, in examining a state statute that dealt with misleading and deceptive conduct, the court applied the heightened 9(b) pleading standard "regardless of whether fraud is a necessary element of the claim". *Id.* at 911 (citing *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1103-04 (9th Cir. 2003)). "Applying that standard," the *Slack* court determined that claims under § 1679b(a)(3) were subject to the heightened pleading requirement of Rule 9(b). *Id.* However, courts within the Sixth Circuit have not specifically addressed which standard it applies to

---

[1] The majority of Circuit Courts in the country have also not addressed this exact issue.

misleading or deceptive communications but the majority of Circuits do not apply "that standard."

The approach taken by courts within the Fifth Circuit is clearly expressed in *Prophet v. Joan Myers & Assocs., P.C.,* 645 F. Supp. 2d 614 (S.D. Tex. 2008). The court faced the question of what pleading standard applies to claims under the Fair Debt Collection Practices Act ("FDCPA"), where violations include "false, deceptive, or misleading representations or means". *Id.* at 617; 15 U.S.C. § 1692e. The court noted how:

> Courts considering the issue have invariably determined the sufficiency of FDCPA pleadings by applying Rule 8 rather than Rule 9(b). This is so even when a plaintiff alleges that a defendant made false representations in violation of § 1692e of the FDCPA, largely because establishing a violation of § 1692e is a substantially different matter than establishing common law fraud. For example, a plaintiff asserting a claim under § 1692e need not prove actual reliance on a false representation . . . [nor] establish actual damages.

*Prophet,* 645 F. Supp. 2d at 617 (internal quotations and citations omitted). To the extent Texas federal courts have applied 9(b) to statutory claims dealing with misleading and deceptive conduct, they have done so where the underlying claims included fraud claims. *See e.g., Ranzy v. Extra Cash of Tex., Inc.,* 2011 U.S. Dist. LEXIS 146787, at * 14-15 (S.D. Tex. Dec. 21, 2011) ("There are cases that have applied Rule 9(b)'s heightened specificity requirements to claims under [statutes covering misleading and deceptive conduct], but in those cases the underlying claims

involved fraud . . . More applicable to the instant case is [*Prophet*].").

As such, the *Prophet* court demonstrates, that where fraud (or certain elements of fraud) are not an essential element of statutory claims addressing misleading representations or deceptive conduct, Rule 8(a), rather than 9(b), applies. The *Prophet* approach has been deemed the more persuasive, and represents the majority, view embraced by courts in the Fifth Circuit. *See generally, id.*; *Davis v. Wells Fargo Bank, N.A.,* 976 F. Supp. 2d 870, 885 (S.D. Tex. 2013) ("the position rejecting 9(b)'s application to a statutory claim that does not require reliance is better reasoned and more widely accepted"); *Auriti v. Wells Fargo Bank,* 2013 U.S. Dist. LEXIS 77960, at * 21-22 (S.D. Tex. Jun. 3, 2013) ("Although *Woodcock* did hold that Rule 9(b) applied to pleading TDCA[2] claims, the Court is convinced that the better rule is that of [*Prophet*]."); *Cargile v. Baylor Health Care Sys.,* 2005 U.S. Dist. LEXIS 22141, at *16-17 (N.D. Tex. Aug. 10, 2005).

The Court should follow this majority approach taken by the Fifth Circuit and find that Rule 9(b) does not apply to statutory claims where fraud is not an essential element of the claims. Because fraud is not an essential element of Plaintiff's claims under either § 1679b(a)(3) or § 1679b(a)(4) (and the similar MCSPA claims), the Court should apply Rule 8(a), and deny Defendant's Motion.

Further, counseling in favor of denying Defendant's Motion is that

---

[2] The TDCA is a Texas-state analog to the FDCPA.

Defendant's offered authority and underdeveloped string citation are entirely unpersuasive and, at times, actually support the application of 8(a) to (at least some) of Plaintiff's claims. As discussed above, the Ninth Circuit approach to statutory claims, where fraud is not an essential element of the claim is at odds with the majority approach taken by courts within the Fifth Circuit, illustrating the unpersuasive nature of both *Slack* and *Browning*.  The *Millett* opinion offers no meaningful analysis on the issue, primarily involved fraud claims, and involved claims under § 1679b(a)(4) only – an issue similar permeating the *Sancho* and *Banks* opinions, rendering such opinions of little to no value for assessing the question of the pleading burden applicable to § 1679b(a)(3) claims. *Spencer* and *Helms* were both summary judgment opinions and thus do not speak to the applicable pleading burden at the 12(b)(6) stage. Further, to the extent *Spencer* and *Helms* suggest that CROA claims require there be elements of fraud asserted to establish violations, such discussion is limited to § 1679b(a)(4).

As such, Defendant's cited authority does not support Defendant's belief that Rule 9(b) applies to Plaintiff's claims under *both* § 1679b(a)(3) and (4). The only courts to reach that conclusion did so by applying a standard diametrically opposed to the standard applied by Texas (and other) courts. The remaining opinions, at best, only suggest that § 1679b(a)(4) claims are subject to Rule 9(b)'s heightened burden.

The discussion in *Helms* (and by extension *Spencer*), actually supports the

conclusion that § 1679b(a)(3) should be subject to 8(a), rather than 9(b). The *Helms* opinion plainly distinguished between the required showings for claims under § 1679b(a)(3) and (4), with the former not requiring any sort of allegations of fraud or any elements of fraud. *Helms v. ConsumerInfo.com, Inc.,* 436 F. Supp. 2d 1220, 1237 (N.D. Ala. 2005). In *Hillis v. Equifax Consumer Servs.,* 2005 U.S. Dist. LEXIS 59429, at *9-11 (N.D. Ga. May 23, 2005), the court determined that 9(b) applied to § 1679b(a)(4) claims, going on to consider whether § 1679b(a)(3) claims are also subject to 9(b). *Id.* In connection with this analysis, the *Hillis* court discussed *Helms*, and in so doing noted the distinction between the showings required under § 1679b(a)(3) and b(a)(4). *Id.* The plaintiff argued that such distinction supported their argument that 8(a) should govern 1679b(a)(3) claims, while 9(b) only governs b(a)(4). *Id.* [3] The court found this position "persuasive," but ultimately declined to decide the applicable pleading burden to § 1679b(a)(3) claims because, under any standard, the allegations were sufficient. *Id.* at 11-12.

Much like the plaintiff in *Hillis,* Plaintiff's allegations satisfy either standard, and thus the Court need not necessarily decide whether there is a distinction in the claims' respective pleading burdens. Nevertheless, the *Hillis* court's discussion of *Helms* goes to show that courts have been persuaded by arguments that, even if §

---

[3] The *Hillis* court further explicitly rejected *Browning* as shedding light on the issue, because *Browning* did not distinguish between claims under b(a)(3) and b(a)(4). *Hillis,* 2005 U.S. Dist. LEXIS at *9.

1679b(a)(4) claims require the application of Rule 9(b), claims under § 1679b(a)(3) do not. As such, *Helms* supports the conclusion that § 1679b(a)(3) is covered by Rule 8(a), rather than 9(b), and thus *Helms* (and all of Defendant's authority discussing Rule 9(b) in the context of 1679b(a)(4) only) should be deemed unpersuasive and should not be followed by the Court.

Therefore, as demonstrated by Defendant's proffered authority, and at the very least, the Court should conclude that Plaintiff's claims under § 1679b(a)(3) are governed by Rule 8(a), not 9(b), which is consistent with the majority approach taken by courts both within and outside the Fifth Circuit.

However, the Court should nevertheless conclude that § 1679b(a)(4) claims are also governed by Rule 8(a), rather than 9(b). This is because fraud, and establishing the elements of fraud, are not a *necessary* element of these claims. 15 U.S.C. § 1679b(a)(4) applies to fraudulent **or deceptive** acts, practices, or courses of business, not merely "fraudulent" acts. *See* 15 U.S.C. § 1679b(a)(4). *Hillis*, *Helms,* and similar opinions, in deciding that such claims require a showing of certain fraud elements, failed to appreciate the breadth of the provision interjected by the inclusion of the word "deception" and the disjunctive "or". Under the plain language of the statute, either fraudulent *or* deceptive acts, practices, or courses of business subject an entity to liability. Statutes prohibiting deceit, as opposed to fraud, are the kinds Texas courts routinely find, in the context of statutory claims, to be

10

subject to Rule 8(a), not 9(b). *See e.g., Prophet,* 645 F. Supp. 2d at 617. The same result is warranted here.

Therefore, the Court should reject Defendant's argument that Plaintiff's claims under 15 U.S.C. §§ 1679b(a)(3)-(4) (and corresponding MCSPA claims) are governed by Rule 9(b). Fraud, or elements of fraud, are not necessary elements of Plaintiff's CROA or MCSPA claims. Under the majority approach taken by courts within the Fifth Circuit, such statutory claims are to be governed by Rule 8(a), not 9(b). At the *very* least, the Court should not apply Rule 9(b) to Plaintiff's claims under § 1679b(a)(3).

## B. Regardless of the Applicable Standard, Plaintiff's Allegations are Sufficient

Regardless of the applicable standard, Plaintiff's allegations regarding Defendant's deceptive and misleading representations and conduct satisfy such standard. Defendant's Motion and the conclusory arguments made as to the insufficiency of Plaintiff's allegations are, at best, meritless and unsupported, and at worst, patently frivolous.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. In order to satisfy Rule 9(b) when pleading a fraud claim, a plaintiff's complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were

fraudulent." *Wilson v. HSBC Bank, N.A.*, 594 Fed. Appx. 852 (6th Cir. 2014); *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) (quoting *Gupta v. Terra Nitrogen Corp.*, 10 F. Supp. 2d 879, 883 (N.D. Ohio 1998)). In other words, the claimant must plead the "who, what, when, where, and how" of the fraud. *City of Taylor Gen. Employees Ret. Sys. v. Astec Indus., 29 F.4th 802* (6th Cir. 2022) (citations omitted). However, "Rule 9(b)'s special requirements should not be read as a mere formalism, decoupled from the general rule that a pleading must only be so detailed as is necessary to provide a defendant with sufficient notice to defend against the pleading's claims." *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008). Rule 9(b) should not be read to defeat the general policy of "simplicity and flexibility" in pleadings contemplated by the Federal Rules. "Rather, Rule 9(b) exists predominantly for the same purpose as Rule 8: to provide a defendant fair notice of the substance of a plaintiff's claim in order that the defendant may prepare a responsive pleading. Rule 9(b), however, also reflects the rulemakers' additional understanding that, in cases involving fraud and mistake, a more specific form of notice is necessary to permit a defendant to draft a responsive pleading." *Id.* at *20. Thus, Rule 9(b) must be viewed in light of Rule 8(a)'s goal of "simple, concise, and direct" pleadings. *Shehab v. Alkausauneh,* 2006 U.S. Dist. LEXIS 112557, at *4 (S.D. Ohio. Feb. 21, 2006).

Defendant's Motion avers that Plaintiff has not even sufficiently alleged the

"who" of the purported deceptive and misleading conduct. This alone underscores the frivolous nature of Defendant's position. Plaintiff's FAC clearly demonstrates the "who"– i.e., Defendant or a representative of Defendant's.[4] [Dkt. 14, ¶¶ 8-18, 40-16]. It is unclear exactly what details Defendant expected Plaintiff to offer on this point given Defendant's completely conclusory arguments where it fails to explain *why* the allegations are insufficient. Regardless, Defendant has been put on notice that it, or whoever acting on its behalf that spoke with Plaintiff, is the party alleged to have engaged in fraudulent and deceptive conduct, and thus Plaintiff has satisfied this aspect of his 9(b) pleading burden.

The "what" and "how" is further specifically alleged, as Plaintiff's FAC identifies the specific statements made and how they were false or misleading. Plaintiff clearly and specifically alleges that Defendant promised Plaintiff it would dispute and remove an inaccurate debt Plaintiff has with Xfinity among the other incorrect marks on Plaintiff's credit reports within 90 days, yet these representations were deceptive because Defendant subsequently failed to deliver the guaranteed results at all, let alone in the timeframe represented. Plaintiff's FAC provides sufficient specific facts to put Defendant notice of the specific statements made, and why such statements are deemed false, deceptive, misleading, and/or fraudulent.

Additionally, Plaintiff has sufficiently put Defendant on notice of what was

---

[4] Plaintiff even goes as far as identifying the name of a supervisor of Defendant: "Freddie." [Dkt. 14, ¶14].

gained as a result of Defendant's representations, or "why" it engaged in the representations and fraud. Plaintiff's FAC specifically alleges that Plaintiff detrimentally relied upon the representations when deciding to sign up for the services, that he believed the representations when he signed up for the services, and that he paid money for the services. [*Id.* at ¶¶ 9-18]. Plaintiff further specifically alleges that Defendant's goal in making the representations was to induce Plaintiff to make payments. [*Id.* at 16-20].

The "when" is further specifically alleged – March of 2023. All of the conduct alleged to be in violation of §§ 1679b(a)(3)-(4) occurred between March 2023 and June 6, 2023. [*Id.* at ¶¶ 8-17]. To the extent Defendant believes Plaintiff needed to provide a more precise date or time of each misleading representation, that is not what is required by Rule 9(b). *See e.g., In re NJOY Consumer Class Action Litig.,* 2014 U.S. Dist. LEXIS 196586, at *34 (C.D. Cal. May 27, 2014) ("A plaintiff need not plead a precise date to satisfy Rule 9(b), but he must – at a minimum – narrow the range of dates to a sufficiently particularized window that the defendant can adequately respond to his allegations"). *See also*, *United States ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 504 at *14 (6th Cir. 2008)(internal citations and quotations omitted). Plaintiff has done so here, and Defendant's conclusory argument to the contrary is without merit.

Plaintiff's FAC further satisfies the "where" component of the 9(b) inquiry.

Plaintiff identifies himself as a resident of Detroit, Michigan which is where the events or omissions giving rise to the claims occurred. [Dkt. 14, ¶¶ 3-5]. This is sufficient to put Defendant on notice of where the alleged fraud occurred. Although Plaintiff does not specifically allege his *precise* geographic location at the exact time Defendant's representations were made, such punctilious detail is not necessary under these facts and circumstances. *Grammens v. Bankers Standard Ins. Co.,* 2022 U.S. Dist. LEXIS 21705, at *8-9 (N.D. Cal. Feb. 7, 2022) ("Although the Complaint does not include a precise date, time, and geographic location, it need not do so on these facts. The plaintiffs plead that the false representation occurred when [defendant's] false estimate was incorporated into [co-defendant's] denial of a higher payment. That is a sufficiently particular pleading about the when and where given the specific type of allegation here. From these allegations [defendant] is on notice of exactly the alleged fraud it committed. Indeed, [defendant's] brief simply conclusory states that the [9(b) allegations are] missing, without elaborating on why the allegations are insufficient"). The same conclusion is warranted here.

At its core, the underlying purpose of 9(b) is to ensure that Plaintiff is seeking specific wrongs, not engaging on a fishing expedition. Plaintiff's FAC more than satisfies this purpose. Plaintiff's claims and the allegations made demonstrate that, rather than constituting a fishing expedition seeking indicia of fraud, Plaintiff's claims relate to specific and precise instances which, based on the allegations made,

should be readily identifiable by Defendant. Defendant's refusal to accept such readily identifiable notice, through nothing but conclusory assertions, illustrates the unpersuasive and misguided nature of its position.

Therefore, to the extent Rule 9(b) applies to any of Plaintiff's claims under the CROA or MCSPA, the Court should find that Plaintiff's FAC satisfies even this heightened burden. Plaintiff has provided the requisite specific details of the circumstances surrounding the conduct such that Defendant has been sufficiently put on notice of the precise instances constituting fraud and/or misleading conduct. Defendant's conclusory arguments to the contrary must be rejected by the Court.

## IV.   <u>CONCLUSION</u>

In light of the foregoing, the Court should deny Defendant's Motion in its entirety. Ultimately, regardless of the standard applied, Plaintiff's claims meet the burden. Nevertheless, the Court should apply the Rule 8(a) standard to Plaintiff's claims under 15 U.S.C. §§ 1679b(a)(3)-(4) and the MCSPA because fraud or elements of fraud are not a necessary element of any such claims. This finding is consistent with the majority approach utilized by courts around the Country, and Defendant has failed to offer any meaningful or persuasive analysis or authority justifying a departure from these well-reasoned opinions.

Dated: December 27, 2023                      Respectfully submitted,


                                              /s/ *Marwan R. Daher*
                                              Marwan R. Daher, Esq.
                                              Sulaiman Law Group, Ltd.
                                              2500 South Highland Avenue
                                              Suite 200
                                              Lombard, IL 60148
                                              Phone: (630) 575-8180
                                              mdaher@sulaimanlaw.com
                                              *Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, one of the attorneys for Plaintiff. certifies that on December 27. 2023. he caused a copy of the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S PARTIALMOTION TO DISMISS**, to be served via electronic mail on:

**Lawren A. Zann, Esq.**
Greenspoon Marder LLP
lawren.zann@gmlaw.com

**James W. Rose, Esq.**
**Mark G. Cooper. Esq.**
Taft Stettinius & Hollister LLP
Jrose@taftlaw.com
mcooper@taftlaw.com
*Counsel for Defendant*

<u>*/s/ Marwan R. Daher*</u>
Marwan R. Daher, Esq.